IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEO OCAMPO, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No.   08 C 1715 |
| RAMSCO, INC., an Illinois Corporation, | ) ) ) | Judge  Kendall |
| Defendant. | ) ) | Magistrate Judge Brown |

### FIRST AMENDED COMPLAINT

Plaintiff Leo Ocampo, plaintiff, by his attorneys Favaro & Gorman, Ltd., complains of defendant Ramsco, Inc.

### Nature Of Action

1.  Plaintiff Ocampo brings this action to recover unpaid overtime compensation pursuant to the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.*

### Jurisdiction And Venue

2.  This Court has jurisdiction over this action pursuant to FLSA section 216(b), 29 U.S.C. § 216(b); federal question jurisdiction, 28 U.S.C. § 1331; and supplemental jurisdiction, 28 U.S.C. § 1367.

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Ramsco resides in this district.

### Parties

4.  Ocampo is an individual residing in Grayslake, Illinois and was employed by Ramsco from April, 2002 to October, 2005.

5. Ramsco is an Illinois corporation, qualified to do business and doing business in Illinois and other states. Ramsco is engaged in the business of asbestos removal.

### Count 1 – Overtime Pay
### Fair Labor Standards Act

6. Ocampo was employed by Ramsco as a working supervisor, performing demolition work which included asbestos removal

7. Ramsco paid Ocampo on an hourly basis, but never paid Ocampo for any hours worked in excess of forty in a workweek.

8. During the period March 2005 through October 2005, Ocampo worked a substantial number of hours in excess of forty in several workweeks.

9. The FLSA requires employers of employees who are engaged in commerce or who are employed in an enterprise engaged in commerce to pay such employees one and one-half times their regular rate of pay for hours worked in excess of forty in a workweek. 29 U.S.C. § 207(a).

10. Ocampo is engaged in commerce, Ramsco employed Ocampo, and Ramsco is an enterprise engaged in commerce, as those terms are defined by the FLSA. 29 U.S.C. § 203.

11. Ramsco's failure to pay Ocampo one and one-half times his regular rate of pay for the hours he worked in excess of forty in a given workweek violated section 207(a) of the FLSA. 29 U.S.C. § 207(a).

12. FLSA section 216(b) provides a private cause of action for violations of FLSA section 207. 29 U.S.C. § 216(b).

13. As a direct result of Ramsco's violation of the overtime pay provisions of the FLSA, Ocampo has suffered substantial lost compensation.

14. The amendments to the FLSA contained in the federal Portal-To-Portal Act, 29 U.S.C. §§ 251 *et seq.*, permit the assessment of unpaid overtime pay for a period beginning three years prior to the filing of an action if the violation of the FLSA is willful. 29 U.S.C. § 255(a).

15. Ramsco's management was aware that Ramsco's failure to pay Ocampo overtime compensation violated the FLSA.

16. As a result of Ramsco's willful violation of the FLSA, Ocampo has suffered substantial lost compensation.

WHEREFORE, plaintiff Leo Ocampo seeks an order entering judgment in his favor against defendant Ramsco, Inc., awarding him:

A. Unpaid overtime pay for the period beginning three years prior to the filing of this action;

B. Liquidated damages in an amount equal to his unpaid overtime;

C. Attorneys' fees; and

D. The costs of this action.

### Count 2 – Vacation Pay
### Illinois Wage Payment And Collection Act

17. Paragraphs 1 through 16 are incorporated by reference.

18. Ramsco employed Ocampo pursuant to an agreement by which Ocampo agreed to perform services on behalf of Ramsco, and Ramsco would provide compensation, including paid vacation, to Ocampo.

19. Ramsco terminated Ocampo's employment on in October, 2005.

20. When Ramsco terminated Ocampo's employment, Ocampo had earned, but not used, three weeks of paid vacation pursuant to his agreement with Ramsco.

21. Ramsco never paid Ocampo for his earned but unused vacation.

22. Ramsco's failure to pay Ocampo for his earned but unused vacation violated the Illinois Wage Payment Act, which requires employers to pay employees their final compensation, including accrued vacation pay, at the time of final separation, or no later than the employee's last scheduled payday. 820 ILCS 115/5.

WHEREFORE, plaintiff Leo Ocampo seeks an order entering judgment in his favor and against defendant Ramsco, Inc., awarding him:

A. Three weeks' vacation pay;

B. Interest; and

C. The costs of this action.

s/ Andrew H. Haber
One of Plaintiff's Attorneys

Dennis R. Favaro
Patrick J. Gorman
Andrew H. Haber
Favaro & Gorman, Ltd.
835 Sterling Avenue
Suite 100
Palatine, Illinois 60067
(847) 934-0060
